1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  ALTON SINGLETON,                    No. C-11-5556 TEH (PR)

12           Plaintiff,                  ORDER OF DISMISSAL WITH LEAVE
                                         TO AMEND
13        v.

14  D. PEKAREK, et al.,

15           Defendants.

16  _____/

17

18        Plaintiff, a state prisoner currently incarcerated at

19  California State Prison - Sacramento in Represa, California, has

20  filed this pro se civil rights action pursuant to 42 U.S.C. § 1983

21  alleging that officials at San Quentin State Prison violated his

22  constitutional rights.  Doc. #1 at 3.  The action is now before the

23  Court for initial screening pursuant to 28 U.S.C. § 1915A.

24                              I

25        Federal courts must engage in a preliminary screening of

26  cases in which prisoners seek redress from a governmental entity or

27  officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

28  The court must identify cognizable claims or dismiss the complaint,

United States District Court
For the Northern District of California

or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pleadings filed by pro se litigants, however, must be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

II

A

In the instant Complaint, Plaintiff alleges the following constitutional violations:  1) Officer D. Pekarek used excessive force against him on June 4, 2004; 2) Lieutenant J. Arnold incorrectly found Plaintiff guilty of making an officer use force with respect to the June 4, 2004 incident with Officer Pekarek; 3) Officer A. Orozco searched Plaintiff's bed area without Plaintiff present and found tobacco and an ink pen that Plaintiff claims were not there previously, resulting in plaintiff being assessed 30 days; and 4) Plaintiff was assessed 90 days for missing non-mandatory appointments.  Doc. #1 at 3.

//

//

2

**B**

The Eighth Amendment forbids "the unnecessary and wanton infliction of pain" upon prisoners. <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986). Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. <u>Hudson v. McMillian</u>, 503 U.S. 1, 6 (1992) (citing <u>Whitley v. Albers</u>, 475 U.S. 312, 317 (1986)). A significant injury is not a threshold requirement for stating an excessive force claim. <u>Hudson</u>, 503 U.S. at 7. Whether the alleged wrongdoing is objectively harmful enough to establish a constitutional violation is contextual and responsive to contemporary standards of decency. <u>Id.</u> at 8 (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 103 (1976)). However, not every malevolent touch by a prison guard gives rise to a federal cause of action. <u>Hudson</u>, 503 U.S. at 9. The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. <u>Id.</u> An inmate who complains of a push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim. <u>Id.</u>

Allegations by a prisoner that he was denied due process in conjunction with a disciplinary proceeding do not present a constitutionally cognizable claim under § 1983 unless the

deprivation suffered is one of "real substance" as defined in <u>Sandin v. Conner</u>, 515 U.S. 472, 478 (1995). "Real substance" will generally be limited to freedom from (1) restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," <u>id.</u> at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," <u>id.</u> at 487. However, where the discipline imposed is not severe enough to implicate the Due Process Clause itself, it nonetheless violates an inmate's right to procedural due process if the discipline is supported by "no evidence." <u>See</u> <u>Burnsworth v. Gunderson</u>, 179 F.3d 771, 773-74 (9th Cir. 1999) (putting escape conviction supported by no evidence on prisoner's record violates procedural due process rights). The "no evidence" standard is that of <u>Superintendent v. Hill</u>, 472 U.S. 445, 457 (1985).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally-protected right. <u>See</u> <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988). Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. <u>Leer</u>, 844 F.2d at 634. Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998). Although the federal rules require brevity in pleading, a complaint must be sufficient to give the

4

defendants "fair notice" of the claim and the "grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotations and citations omitted). District courts, however, must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. Lopez v. Smith, 203 F.3d 1122, 1126-28 (9th Cir. 2000) (en banc).

Persons may be joined in one action as defendants so long as: (1) the right to relief asserted against each defendant arises out of or relates to the same transaction or occurrence, or series of transactions or occurrences; and (2) a question of law or fact common to all defendants arises in the action. See Fed. R. Civ. P. 20(a)(2).

C

Here, Plaintiff's Complaint appears to state a claim for use of excessive force by Officer Pekarek on June 4, 2011, and a related claim for the related disciplinary hearing. However, his claims regarding Officer Orozco's search of his bed area and the 90 days assessed for missed appointments are unrelated. In addition, he fails to identify which defendants proximately caused the assessment of 90 days. Given the deficiencies in his pleadings, i.e., his failure to identify individual defendants and set forth specific facts as to how each individual defendant proximately caused the deprivation of a federally- protected right, and the improper joinder of unrelated claims against unrelated defendants, he will be afforded an opportunity to amend his complaint within thirty days.

III

For the foregoing reasons, Plaintiff's Complaint and First Amended Complaint is DISMISSED WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT containing all related claims against all Defendants that Plaintiff wishes to proceed against in this action.[1]  The pleading must be simple, concise and direct and must state clearly and succinctly how each and every Defendant is alleged to have violated Plaintiff's federally-protected rights.  <u>See</u> <u>Leer</u>, 844 F.2d at 634.  The pleading must include the caption and civil case number used in this order and the words COURT ORDERED FIRST AMENDED COMPLAINT on the first page.  Failure to file a proper FIRST Amended Complaint within thirty days of this order will result in the dismissal of this action.

Plaintiff is advised that the First Amended Complaint will supersede the original Complaint and all other pleadings.  Claims and defendants not included in the First Amended Complaint will not be considered by the Court.  <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

//

//

//

---

[1]Plaintiff has filed additional letters to the Court in this case, alleging other instances of mistreatment by prison officials. Doc. ##4, 5 and 12.  Plaintiff is reminded that he must present all his claims in his Complaint, and not piecemeal through letters to the Court.  A complaint must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (internal quotations and citations omitted).  Claims not included in the First Amended Complaint cannot be considered by the court.

1          Plaintiff is further advised that he may file unrelated

2    claims against unrelated defendants as separate civil rights

3    actions.   See Fed. R. Civ. P. 20(a)(2).

4          IT IS SO ORDERED.

5

6    DATED     04/16/2012         _____

7                                 THELTON E. HENDERSON
                                   United States District Judge
8

9    G:\PRO-SE\TEH\CR.11\Singleton-11-5556-dwlta.wpd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        7